UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 21-00247 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHARLES HARRIS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Withdraw a Guilty Plea and to Dismiss the Indictment filed by Defendant, Charles Harris ("Harris"). See Record Document 113. The Government filed an opposition and Harris replied. See Record Documents 115 and 116. For the reasons assigned below, Defendant's motion is **DENIED**.

**BACKGROUND**

On October 13, 2021, a federal grand jury returned a one-count indictment charging Harris with one count of possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] See Record Document 15. On October 28, 2022, Harris pleaded guilty to the charge. Defendant now moves to dismiss the indictment, arguing that Section 922(g)(1) purportedly "violates the Second Amendment's guarantee of 'the right of the people to keep and bear arms'" under the Supreme Court precedent in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111 (2022), and therefore should be struck down as unconstitutional. Record Document 113 at 4-8. In addition, Harris seeks to withdraw his guilty plea on the above-referenced grounds. See id. at 1-3. The Government opposes Defendant's

---

[1] Harris was previously convicted in 2016 of Monetary Instrument Abuse and received a sentence of two years. See Record Document 80-2 at 2.

motion, arguing that Bruen did not call into question felon-dispossession statutes and is therefore inapplicable in this case. See Record Document 115 at 1-3. It further continues that Bruen addressed firearm regulations aimed at "law abiding citizens" and not Section 922(g)(1). Id. at 5-10. The Government also argues that even if Bruen applied, Section 922(g)(1) would satisfy its historical tradition test. See id. Finally, the Government argues that since the only reason that the Defendant seeks to withdraw the guilty plea is his erroneous assertion that Section 922(g)(1) is unconstitutional, the Motion to Withdraw the Guilty Plea lacks merit and therefore should also be denied. See id. at 18.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). It further provides that a party may raise a claim that the indictment is legally defective for failure to state an offense. See Fed. R. Crim. P. 12(b)(3)(B)(v). To be legally sufficient, an indictment need only (1) enumerate each element of the charged offense, (2) fairly inform the defendant of the charges filed against him, and (3) provide the defendant with a double jeopardy defense against future prosecution. See United States v. Braun, 453 F. Supp. 3d 883, 886 (M.D. La. 2020). The court is required to take the allegations of the indictment as true. See United States v. Hogue, 132 F.3d 1087, 1089 (5th Cir. 1998).

Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for the withdrawal. See Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has shown a fair and just reason, the Fifth Circuit applies the seven-factor test set forth in United States v. Carr, 740 F.2d 339, 343–44 (5th Cir. 1984). A district court must consider

whether: (1) the defendant asserted his innocence; (2) withdrawal would cause the government to suffer prejudice; (3) the defendant delayed in filing the motion; (4) withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available; (6) the original plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. See id. A district court need not make findings as to each factor but should make its decision based on "the totality of the circumstances." United States v. Hughes, 726 F.3d 656, 662 (5th Cir. 2013). The court should also consider, where applicable, the reasons why defenses advanced later were not proffered at the time of the original pleading and the reasons why a defendant delayed in making his withdrawal motion. See Carr, 740 F.2d at 344. Finally, the burden of establishing a fair and just reason for requesting withdrawal under Carr "rests with the defendant." United States v. Brewster, 137 F.3d 853, 858 (5th Cir. 1998).

**ANALYSIS**

The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. It is well-established that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." District of Columbia v. Heller, 554 U.S. 570, 626, 128 S. Ct. 2783, 2816 (2008). The Supreme Court noted that this right can be subject to certain restrictions, including those "longstanding prohibitions on the possession of firearms by felons and the mentally ill." Id. at 626, 128 S. Ct. at 2817.[2] The Supreme Court clarified that the Second Amendment protects the right of "law-abiding, responsible citizens" to keep firearms in their homes for self-defense. Id. at 635, 128 S. Ct. at 2821. Thus, under the Court's most recent guidance in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111

---

[2] See, e.g., McDonald v. Chicago, 561 U.S. 742, 130 S. Ct. 3020 (2010).

3

(2022), courts must apply a two-step test to determine whether a regulation placing restrictions on a party's Second Amendment rights is constitutional. See Bruen, 597 U.S. at 2, 142 S. Ct. at 2129–30. First, a court must ask whether "the Second Amendment's plain text covers an individual's conduct."[3] Id. at 17, 142 S. Ct. at 2126. If the plain text covers the individual's conduct, the court then must establish whether "the regulation is consistent with this Nation's historical tradition of firearm regulation." Id. at 17, 142 S. Ct. at 2126. Only where the regulation is "consistent with the Second Amendment's text and historical understanding" can it pass the constitutional test. Id. at 26, 142 S. Ct. at 2131.

As noted *supra*, Harris seeks to withdraw his guilty plea under only so that this Court reviews his arguments that Section 922(g)(1) is unconstitutional. Section 922(g)(1) provides that "it shall be unlawful for any person [ ] who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year [ ] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

This Court previously addressed the arguments as to whether 18 U.S.C. § 922(g)(1) violates the Second Amendment following the U.S. Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen[4], as well as the Fifth Circuit's decision in United States v.

---

[3] Justice Kavanaugh confirmed the constitutionality of restrictions on firearm possession by felons in his concurring opinion: "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." Bruen, 597 U.S. at 81, 142 S. Ct. at 2162 (Kavanaugh, J., concurring); see also United States v. Jackson, No. 23-30382, 2023 WL 8804575, at *1 (5th Cir. Dec. 20, 2023).
[4] See Bruen, 597 U.S. at 31, 142 S. Ct. at 2134 (emphasizing that the petitioners were "two ordinary, law-abiding, adult citizens" protected as "people" under the Second Amendment).

Rahimi[5] and United States v. Daniels.[6] See United States v. Gipson, No. 23-00123-01, 2023 WL 150339 (W.D. La. Jan. 12, 2024); see also United States v. Young, No. 21-0019-01, 2024 WL 534955 (W.D. La. Feb. 9, 2024).

Since the above-referenced *stare decisis* and other cases[7] applied the qualifier "law-abiding" when discussing "the people" in the context of the Second Amendment, Harris's conduct

---

[5] Consistent with Bruen and Heller, the Fifth Circuit determined in Rahimi the constitutionality of 18 U.S.C. § 922(g)(8), which prohibits possession of a firearm by individuals who are subject to domestic violence restraining orders. See United States v. Rahimi, 61 F.4th 443 (5th Cir.), cert. granted, 143 S. Ct. 2688 (2023). In discussing whether the plain text of the Constitution covered Rahimi's conduct, the words "the people" in the Second Amendment have been interpreted to refer to all members of a political community [ ]. See Rahimi, 61 F.4th at 451. In denying the prosecution's arguments that Rahimi was excluded from "the people" because of the "law-abiding, responsible citizens" reference in Heller, the Fifth Circuit found Rahimi to be included within "the people" in the Second Amendment because he was not a convicted felon. The Fifth Circuit stated that convicted felons were not included within the meaning of "the people" in the Second Amendment. It further noted that words such as "law abiding, responsible citizens" were meant to exclude from the court's discussion groups that have historically been stripped of their Second Amendment rights, i.e., groups whose disarmament the Founders "presumptively" tolerated or would have tolerated. The court continued that Rahimi was not a convicted felon or otherwise subject to another "longstanding prohibition on the possession of firearms" that would have excluded him. Rahimi, 61 F.4th at 452 (citing Heller, 554 U.S. at 626-27, 128 S. Ct. 2783).

[6] In United States v. Daniels, 77 F.4th 337 (5th Cir. 2023), the government argued that Daniels was excluded from "the people" under the Second Amendment because he unlawfully consumed marijuana. The Fifth Circuit disagreed with the government and stated: "[ ] Rahimi held that citizens accused of domestic violence still had Second Amendment rights. It reasoned that when Heller and Bruen used the phrase 'law-abiding,' it was just 'short-hand' to 'exclude from the [ ] discussion' the mentally ill and felons […]. All others are presumptively included in the Second Amendment ambit. Because Daniels is not a felon or mentally ill, Rahimi's treatment of the 'law-abiding' moniker suggests that he has presumptive Second Amendment rights as well." Daniels, 77 F.4th at 343.

[7] See, e.g., United States v. Thompson, No. 22-173, 2023 WL 3159617 (E.D. La. Apr. 27, 2023); United States v. Bazile, No. 23-34, 2023 WL 7112833 (E.D. La. Oct. 27, 2023); United States v. Washington, No. 23-00082-02, 2023 WL 7170645 (W.D. La. Oct. 31, 2023); United States v. Michael Conner et al., No. 23-54, 2023 WL 8474735, at *2 (E.D. La. Dec. 7, 2023); United States v. Shannon Lamon Anderson, No. 23-00180-01, 2023 WL 8655272, at *1 (W.D. La. Dec. 13, 2023); United States v. French, No. 23-00064-01, 2023 WL 7365232 (W.D. La. Nov. 7, 2023); United States v. Charles, No. 21-00154-01, 2023 WL 6358688, at *3 (W.D. La. Sept. 28, 2023); United States v. August, No. 23-00023-01, 2023 WL 7230037, at *1 (W.D. La. Nov. 2, 2023); United States v. Darrington, 351 F.3d 632, 634 (5th Cir. 2003).

is not covered by the Second Amendment. Since Harris is not part of "the people" whose conduct is privileged under the Constitution, the second step of the Bruen analysis would be futile at this juncture. Therefore, the Court rejects defendant's arguments regarding the unconstitutionality of 18 U.S.C. § 922(g)(1) pursuant to the Second Amendment.

Harris also argues that Bruen's holding[8] governs over Heller's *dicta*. See Record Document 27 at 4. Lower courts "are generally bound by Supreme Court dicta," particularly when the dicta are "recent and detailed." Hollis v. Lynch, 827 F.3d 436, 448 (5th Cir. 2016). Thus, because Heller and Bruen are in fact, binding precedents, and even if the above-referenced language is characterized as dicta, at a bare minimum, it is entitled to great weight. See United States v. Schnur, No. 23-65-1, 2023 WL 4881383, at n. 6 (S.D. Miss. July 31, 2023). Accordingly, this Court finds 18 U.S.C. § 922(g)(1) does not violate the Second Amendment and is constitutional as applied to Harris.

Next, Harris asserts that Section 922(g)(1) exceeds the scope of Congress's power to regulate interstate commerce. See Record Document 113 at 9. Harris concedes that this claim is foreclosed but brought it to preserve it for further review. See id. at 10. Since this issue has been previously addressed by this Court[9] and the Fifth Circuit Court of Appeals,[10] the undersigned adopts their reasonings and rejects Defendant's arguments regarding this element without further discussion.

---

[9] United States v. French, No. 23-00064-01, 2023 WL 7365232, at *5 (W.D. La. Nov. 7, 2023); United States v. Donald Irving Hill, Jr., No. 23-00172-01, 2024 WL 666652, at *5 (W.D. La. Feb. 15, 2024); United States v. Roriguse D. Jordan, No. 23-00066-01, 2024 WL 666657, at *5 (W.D. La. Feb. 15, 2024).
[10] United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001) (collecting cases holding that Section 922(g)(1) is a valid exercise of the commerce power); see also United States v. Alcantar, 733 F.3d 143 (5th Cir. 2013).

Finally, Harris argues that a marked shift in law constitutes a "fair and just reason" for the withdrawal of his guilty plea. See Record Document 113 at 2. Defendant asserts that Bruen and subsequent jurisprudence[11] purportedly "shifted" the law regarding the constitutionality of 18 U.S.C. § 922(g)(1). See Record Document 113 at 3. He states that because of this jurisprudence and shift in the law, Section 922(g)(1) is unconstitutional as applied to him, rendering him "legally innocent." Id. This Court foreclosed the issue of constitutionality of Section 922(g)(1) following the Supreme Court's decisions in Bruen, Rahimi and Daniels. As previously noted, there are fundamental distinctions between the above-referenced cases and the present matter.[12] Harris also references to Bullock decision[13] to empathize a "marked shift in law" with regards to unconstitutionality of Section 922(g)(1), however many courts[14] in this circuit disagree on this

---

[11] United States v. Jessie Bullock, No. 18-165, 2023 WL 4232309 (S.D. Miss. June 28, 2023); see also United States v. Rahimi, 61 F.4th 442 (5th Cir.2023); United States v. Daniels, 77 F.4th 337 (5th Cir. 2023).

[12] Harris is a convicted felon, while Rahimi and Daniels were not convicted felons and therefore were covered by the plain text of the Second Amendment. See United States v. Haynes, No. 23-00071-01, 2023 WL 5673962 at *5 (W.D. La. Sept. 1, 2023).

[13] In Bullock, Judge Reeves opined that Section 922(g)(1) is unconstitutional in finding that the government failed to prove the restriction of firearm possession was consistent with the national historical tradition of firearm regulation after conducting a detailed analysis of the historical content of restriction of felony possession of firearms. This Court respectfully disagrees with the decision in Bullock for two reasons: first, the United States Supreme Court has spoken in Heller and in Bruen that the United States has a longstanding prohibition on the possession of firearms by felons, thereby already deciding that issue; and second, that the Fifth Circuit Court of Appeals jurisprudence shows convicted felons are not covered by the plain text of the Second Amendment. See, e.g., United States v. Singleton, No. 23-00243-01, 2023 WL 8936709, at *4 (W.D. La. Dec. 27, 2023).

[14] See United States v. Bazile, No. CR 23-34, 2023 WL 7112833, at *4 (E.D. La. Oct. 27, 2023); see also United States v. Haynes, No. 3:23-CR-00071-01, 2023 WL 5673962, at *5 (W.D. La. Sept. 1, 2023); United States v. Herrera, No. CR H-20-692, 2023 WL 5917414, at *2 (S.D. Tex. Sept. 11, 2023).

issue. This Court disagrees with Bullock as well, as it remains bound by the Fifth Circuit's treatment of Section 922(g)(1).[15]

In a recent unpublished opinion by the Fifth Circuit, the defendant had two primary arguments to support his position that his guilty plea was invalid, and those arguments were much like those made by Harris. See United States v. Smith, No. 22-10795, 2023 WL 5814936 at *1 (5th Cir. Sept. 8, 2023). First, Smith argued that Section 922(g)(1) is unconstitutional because it does not have a substantial effect on interstate commerce and thus exceeds Congress's authority under the Commerce Clause. Id. at *1. Second, he argued that Bruen supported a finding that Section 922(g)(1) infringes upon his Second Amendment right to bear arms and is unconstitutional. Id. The Fifth Circuit cited to another unpublished opinion in which the panel observed that "there is no binding precedent explicitly holding that Section 922(g)(1) is unconstitutional on its face." United States v. Garza, No. 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023). Consequently, the Smith court found that the district court did not err by accepting the defendant's guilty plea given the lack of binding authority deeming Section 922(g)(1) unconstitutional. See Smith, 2023 WL 5814936 at *3. Consistent with Fifth Circuit precedent on this issue, this Court finds that there is no "fair and just reason for requesting the withdrawal" of defendant's guilty plea.

---

[15] See, e.g., United States v. Jackson, No. 23-0089, 2023 WL 6881818, at *4 (N.D. Miss. Oct. 18, 2023).

## CONCLUSION

For the reasons elucidated above, the Court finds that 18 U.S.C. § 922(g)(1) is constitutional. Accordingly,

**IT IS ORDERED** that Harris's Motion to Withdraw a Guilty Plea and Dismiss the Indictment is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 6th day of March, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE